THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENEDICT SOKOLOWSKI,                          :
LYNDA SOKOLOWSKI,                             :
                                              :
                                              :
            Plaintiff,                        :
                                              :
      v.                                      :      3:23-CV-00150
                                              :      (JUDGE MARIANI)
FALLING CREEK BUILDERS, LLC,                  :
FALLING CREEK BUILDERS, INC.,                 :
FALLING CREEK BUILDERS,                       :
FALLING CREEK, LLC,                           :
                                              :
            Defendant.                        :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a "Petition to Open Judgment," which in effect is a

Motion to Set Aside the Default Judgment previously entered in this Court against

Defendants in the above-captioned removal action. (*See* Doc. 16.) For the reasons

discussed below, the Court will grant the Motion.

### II. PROCEDURAL HISTORY

On January 29, 2023, a Complaint was filed by Plaintiffs Benedict and Lynda

Sokolowski against Defendants Falling Creek Builders, LLC, Falling Creek Builders, Inc.,

Falling Creek Builders, and Falling Creek, LLC. (Doc. 1.) In the Complaint, Plaintiffs allege

that Defendants wrongfully attempted to collect debts that were not owed via a series of

misleading and false communications, thereby violating the Fair Debt Collection Practices

Act, 15 U.S.C. §1692, *et seq.*, Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.*, and Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. 201-1, *et seq.* (*Id.*)

On February 10, 2024, Plaintiffs filed a notification of Return of Service that certified that "service for the above captioned case took place as described below which included true and correct copies of the Complaint and Summons filed in this case." (Doc. 5 at 1.) The address indicated on the Return of Service was "5 Saint Marks Pl #4, Brooklyn, NY, 11217," and indicated delivery dates of February 10th, 11th, and 15th of 2023. (*Id.*)

On March 10, 2023, Plaintiffs filed a Motion for Entry of Default. (Doc. 6.) On March 13, 2023, the Clerk of the Court filed an Entry of Default in favor of Plaintiffs. (Doc. 7.) On March 13, 2023, Plaintiffs filed a Motion for Default Judgement (Doc. 8), as well as a Brief in Support (Doc. 9). On March 17, 2023. Plaintiffs filed a Certificate of Service certifying "that service of the Motion for Default Judgment and Plaintiff's Memorandum of Law in Support of Motion for Default Judgement was made on March 17, 2023, by first class mail." (Doc. 10 at 1.) On January 22, 2024, the Court filed a Memorandum Opinion and Order granting Plaintiffs' Motion for Default Judgment but requiring that Plaintiffs file an affidavit and documentation in support of their request for monetary damages within 21 days. (Docs. 11 & 12.) On February 6, 2024, Plaintiffs filed an affidavit providing additional support for their request for monetary damages. (Doc. 14.)

On March 22, 2024, Defendants filed an Answer to Plaintiffs' Complaint. (Doc. 15.)

On April 9, 2024, Defendant filed the at issue "Petition to Open Judgment," which is in

essence a Motion to Set Aside Default Judgment. (Doc. 16.)  On April 19, 2024, Plaintiffs

filed an Affidavit in Opposition to the Motion. (Doc. 17.) On April 23, 2024, Defendant filed a

Brief in Support of the Motion. (Doc. 18.) Defendants' Motion (Doc. 16) is now ripe for

review.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) authorizes the Court to "set aside a default

judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the following
> reasons: . . .
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     . . . .
>     (4) the judgment is void;
>     . . . .
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A default judgment entered when there has been no proper service of the complaint

is, *a fortiori*, void, and should be set aside" under Rule 60(b)(4). *Gold Kist, Inc. v. Laurinburg*

*Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). "*Gold Kist* involved a service of a summons and

complaint in a manner that did not conform with Pennsylvania law." *United States v. One*

*Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000). "Because of the complaint's

improper service . . . the *Gold Kist* panel refrained from considering other factors that could

also justify the setting aside of a default judgment." *Id.* That is because the traditional factors

for setting aside a default judgment "only apply when the default judgment was authorized

and the only question before the district court is whether to exercise its discretion to set

aside the default. Obviously, if the default judgment was improperly entered, the district

court erred as a matter of law in refusing to set it aside." *Gold Kist*, 756 F.2d at 19.

The Third Circuit "does not favor entry of defaults or default judgments. [It] require[s]

doubtful cases to be resolved in favor of the party moving to set aside the default judgment

'so that cases may be decided on their merits.'" *United States v. $55,518.05 in U.S.*

*Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling*

*Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

## IV. ANALYSIS

The Court considers whether Defendants' Motion to Set Aside Default Judgment

(Doc. 16) should be granted due to improper service of process. Defendants contend that

default judgment should be set aside because they do not conduct business at the 5 St.

Marks Place, No. 4, Brooklyn, New York, 11217 address where Plaintiffs attempted service

and were otherwise not properly served by Plaintiffs. (*Id.* ¶¶ 5-7.) For their part, Plaintiffs

argue that Defendants' own documents show that the 5 St. Marks Place address was the

proper address for service, and that even if the Court were to find that service was

improper, "the default judgment should not be opened because Defendants lack a

meritorious defense" to Plaintiffs' claims. (Doc. 17 at 4.)

4

For the reasons set out below, the Court finds that Defendants have not been properly served pursuant to Rule 403 or 403(1), and the Court will grant Defendants' Motion to Set Aside Default Judgment (Doc. 16).

## A. Validity of Service

The Court now considers Defendants' argument that Plaintiffs' service was improper. Although the parties dispute whether the 5 St. Marks Place address was a proper address for service, Plaintiffs' attempt at service by mail Pursuant to Pennsylvania Rule of Civil Procedure 403 and 404 is dispositive in this instance. The party asserting the validity of the purported service bears the burden of proving such service was proper. *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 121-22 (3d Cir. 2018) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).

Here, Defendants support their Motion to Set Aside Default Judgment by arguing that Plaintiffs failed to effectuate proper service by mail. (Doc. 18 at 7-11.) In essence, Defendants argues that Plaintiffs failed to comply with either of the provisions in Pa. R.C.P. 403 that authorize service of process by mail. (*Id.*) The Court will address each aspect of service by mail contained within Pa. R.C.P. 403 in turn.

### 1. Service Pursuant to Pa. R.C.P. 403

Service of process in cases filed in federal court is governed by Federal Rule of Civil Procedure 4(e). That rule states that an individual may be served in a judicial district of the United States by following state law for serving a summons in the state where the district

court is located or where service is made. Fed.R.Civ.P. 4(e). Because this Court sits in

Pennsylvania, Pennsylvania's Rules of Civil Procedure apply.

Service of process outside of Pennsylvania is governed by Pennsylvania Rule of

Civil Procedure 404, which provides that such service outside of Pennsylvania may be

effectuated by mail in the manner provided in Rule 403. *See* Pa. R.C.P. 404(2).

Pennsylvania Rule of Civil Procedure 403 states that:

> If a rule of civil procedure authorizes original process to be served by mail, a
> copy of the process shall be mailed to the defendant by any form of mail
> requiring a receipt signed by the defendant or his authorized agent. Service is
> complete upon delivery of the mail.
>
> (1) If the mail is returned with notation by the postal authorities that the
> defendant refused to accept the mail, the plaintiff shall have the right of
> service by mailing a copy to the defendant at the same address by
> ordinary mail with the return address of the sender appearing thereon.
> Service by ordinary mail is complete if the mail is not returned to the
> sender within fifteen days after mailing.
>
> (2) If the mail is returned with notation by the postal authorities that it
> was unclaimed, the plaintiff shall make service by another means
> pursuant to these rules.

Pa. R.C.P. No. 403.

As stated, subpart 1 of Rule 403 allows for service by ordinary mail without requiring

a receipt signed by the defendant "if the mail is returned with notation by the postal

authorities that the defendant refused to accept that mail." (*Id.*) Subpart 2 of Rule 403

permits a plaintiff to effectuate service by other means in the event "the mail is returned with

notation by the postal authorities that it was unclaimed." (*Id.*)

Here, Defendants argue that their Motion should be granted because "Plaintiffs have no evidence that the Complaints and Summons were received by the Defendants." (Doc. 16 ¶ 7.) More specifically, in their Brief in Support, Defendants note that "Plaintiffs did not attach the return receipt card to their Return of Service return, they simply contend that mail was delivered" and that "Mr. Rybner states that the mailings were never signed for and the return receipt cards were never completed." (Doc. 18 at 8-9.) The Court finds that Plaintiffs' Return of Service and the attached relevant Exhibits provide insufficient evidence of proper service of process in accordance with the general provisions of Rule 403 allowing for service "requiring a receipt signed by the defendant or his authorized agent." Pa. R.C.P. 403. There is no evidence that any representative for Defendants signed for the certified mail delivered throughout February of 2023. (*See* Docs. 5, 8-1,17-3)

Although there is some evidence that Defendants either failed to provide a proper address to Plaintiffs or are evading service by declining to sign the certified mail upon delivery, "[t]he [Pennsylvania] Rules of Civil Procedure pertaining to service of process […] are to be narrowly construed and strictly followed." *U.K. LaSalle, Inc. v. Lawless*, 618 A.2d 447, 449 (Pa. Super. Ct. 1992). District courts in the Third Circuit have strictly construed the signature requirement contained within Rule 403. *See, e.g., Pearson v. Sonnet Trucking, Inc.*, No. CIV.A. 09-5917, 2012 WL 279673, at *1 (E.D. Pa. Jan. 30, 2012); McLaughlin v. Summit Entm't LLC, No. 15-355, 2015 U.S. Dist. LEXIS 153086, at *2 (W.D. Pa. Nov. 12, 2015); *McKinnis v. Hartford Life,* 217 F.R.D. 359, 361 (E.D. Pa. 2003); *Quality Sales Int'l,*

*Inc. v. Robinson Transp. Serv.,* No. CIV.A. 87-1754, 1989 WL 9352, at *1 (E.D. Pa. Feb. 7, 1989).

Plaintiffs do not offer any evidence that Defendants or an authorized agent signed the certified delivery receipt. Plaintiffs therefore fail to show that service was properly effectuated in accordance with the general provisions of Rule 403.

## 2. Service Pursuant to Pa. R.C.P. 403(1)

The Court now considers whether Plaintiffs complied with the Rule 403(1) exception that permits service by *ordinary* mail in certain instances where a defendant refuses delivery.

Rule 403(1) stipulates that:

> **(1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail**, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.

Pa. R.C.P. 403(1) (bold added).

Courts in Pennsylvania have strictly construed the requirement that there must be a "notation by postal authorities that the defendant refused to accept the mail" to permit for a defendant to be served by ordinary mail without a signature requirement. In *Russell Bertino v. Michele Clark-Dougherty*, the Pennsylvania Superior Court affirmed a lower court's finding that because the plaintiff's original certified mail was returned "unclaimed" rather than "refused" by the defendant in that case, it was improper for the plaintiff to attempt

8

service by mail again under Rule 403(1). *See Bertino v. Dougherty,* No. 2150 EDA 2016,

2018 WL 3490947, at \*1 (Pa. Super. Ct. July 20, 2018).

Similarly, in *Scheibler v. Americo Fin. Life & Annuity Ins. Co.,* a Pennsylvania Court

of Common Pleas held that:

> Plaintiff argues that Americo has attempted to refuse service on behalf of Mr.
> Truitt, and that service by mail is valid if not returned within fifteen days after
> mailing. *See,* Pa. R.C.P. 403. Rule 403 provides plaintiff the right of service by
> ordinary mail, which implicates the fifteen-day period, only if the certified,
> restricted delivery mailing is returned with notation by the postal authorities that
> the defendant refused to accept the mail, Pa. R.C.P. 403(1). No such notation
> by the postal authorities that certified, restricted delivery mail was refused by
> Mr. Truitt appears in the record.

*Scheibler,* 2006 Pa. Dist. & Cnty. Dec. LEXIS 227, \*5.[1]

Other courts in Pennsylvania have similarly held that Rule 403(1) does not provide

an outlet for service by ordinary mail when the initial attempt at certified mail is returned as

unclaimed or without a refused notation. *See, e.g., Kucher v. Fischer,* 167 F.R.D. 397, 398

(E.D. Pa. 1996), *order clarified* (July 5, 1996); *Interdigital Commc'ns Corp. v. Evans*

*Partners,* No. CIV.A. 96-1551, 1996 WL 660934, at \*1 (E.D. Pa. Nov. 8, 1996); *Nat'l*

*Expositions, Inc. v. DuBois,* 97 F.R.D. 400, 403 (W.D. Pa. 1983).

Here, Plaintiffs fail to provide any evidence in their Return of Service that there was a

notation by postal authorities that certified that Plaintiffs original mailing attempts were

---

[1] This case is not presently available on Westlaw. Therefore, the Court will rely on the Lexis
citation.

refused by Defendant. (*See* Doc. 5.) Rather, the Return of Service filed by Plaintiffs

indicates that, for each of their mailings, service was "delivered." (*Id.*) Because

Pennsylvania's rules for service of process must be "narrowly construed and strictly

followed," *U.K. LaSalle*, 618 A.2d at 449, Plaintiffs fail to provide the necessary evidence of

refusal to permit reliance on Rule 403(1) to effectuate service. Because "[a] default

judgment entered when there has been no proper service of the complaint is, *a fortiori*, void,

and should be set aside" under Rule 60(b)(4), *Gold Kist*, 756 F.2d at 19, the Court will grant

Defendants' Motion (Doc. 16) and set aside the default judgment entered against them on

January 22, 2024.[2]

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Set Aside

Default Judgment (Doc. 16). A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2] Although it is generally true that, when ruling on a motion to set aside a default judgment, a court must consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct" *Gold Kist*, 756 F.2d at 19, such considerations are not necessary here. In *Gold Kist*, the Third Circuit was clear that such an analysis is not necessary when service of process was improper. *Id.* District courts within the Third Circuit have also recognized that an entry of default or a default judgment can be set aside if it was not properly entered at the outset, including circumstances where proper service of the complaint is lacking. *See, e.g., Perkins v. Delaware DHSS/DSSC,* No. 12–50, 2012 WL 4482801, at *1, 4, 7 (D.Del. Sept. 27, 2012); *Mettle v. First Union Nat'l Bank,* 279 F.Supp.2d 598, 603 (D.N.J. 2003); *Taylor v. Gilliam,* No. CIV. 13-2947 KMW/NLH, 2013 WL 6253654, at *7 (D.N.J. Dec. 4, 2013).